## LO KEE v. UNITED STATES.

District Court, E. D. Louisiana. January 12, 1928.

### No. 18643.

1. Aliens ⬄31—Chinese person, failing to give satisfactory account for presence in country or showing possibility of lawful admission, will be ordered deported (Chinese Exclusion Act 1888, § 13 [8 USCA 282]).

A Chinese person, whose presence in the United States has not been satisfactorily accounted for, there being nothing to indicate possibility of his lawful admission, will be ordered deported, under Chinese Exclusion Act 1888, § 13 (8 USCA § 282), notwithstanding he has married a white woman and has two children by such marriage.

2. Aliens ⬄31—Chinese laborer though born of Chinese parents in Hawaiian Islands is not entitled to enter United States (8 USCA § 294).

Under Act April 30, 1900, § 101 (8 USCA § 294) a Chinese laborer, even though born of Chinese parents in the Hawaiian Islands, is not entitled to enter the United States from the Hawaiian Islands.

Deportation proceeding by the United States against Lo Kee. Appeal from order of deportation. Defendant ordered deported.

Guion & Upton, and John R. Upton, both of New Orleans, La., for Lo Kee.

Edmond E. Talbot, Asst. U. S. Atty., of New Orleans, La.

BURNS, District Judge. Lo Kee, a Chinese person, appeals from an order of deportation made by a commissioner of this court, who found, after a full hearing, that the said Lo Kee, in violation of the Chinese Exclusion Act (section 13 of the Act of September 13, 1888 [8 USCA § 282]), had unlawfully entered and remained in the United States, where he was engaged as a laborer.

[1] Upon the hearing of this appeal the said Lo Kee elected to submit the case upon the record made up before the commissioner, notwithstanding he was advised that his case might be heard de novo and that he might offer further evidence. He claims to be aggrieved by the commissioner's conclusions upon the facts and the law, contending that

the government adduced no proof of facts indicating his unlawful presence in the country, where he has married a white woman within the past three years, and of which marriage two children were born. He further contends that he married this woman in good faith, and that it will not be fair, decent, humane, or Christian to deport him now, thus depriving the wife and two children, of his support.

The record discloses that Lo Kee is a Chinese person aged about 27 years, who has been continuously, for an indeterminate period, occupied as a laborer, working in restaurants in New Orleans, and he has not satisfactorily accounted either to the immigration commissioner or to the commissioner of this court, or, finally to myself as judge of this court, upon his trial, for his presence in the country. There is nothing to indicate the possibility of his lawful admission to the country. He makes no pretense of having been the child of a Chinese merchant or teacher. He testifies vaguely that he has been in New Orleans about 14 years; that he was born in Honolulu, Hawaii, about 1901; that he came to the United States when he was about 2 years old; that his father and mother were natives of Honolulu; that they died, when he was about 5 years old, in San Francisco, after which he lived with a cousin, named Lum Sam, in San Francisco, for about 6 years, and thereafter, when he was about 11 years old, he came to New Orleans from San Francisco; that his alleged early history and his filiation is what he was told by this cousin, who has since gone back to China, and he has no kind of birth certificate or any other kind of paper to identify himself. On cross-examination, he was asked how his cousin, Lum Sam, who told him of his parentage and early history, knew the facts, and he supposed that his father must have told Lum Sam about it. He has never been engaged in any other occupation, except as a waiter in Chinese restaurants, and finally, in 1923, he married. He has no other relatives in the United States, and can produce no evidence except the testimony of people who have known him as an employee in Chinese restaurants in New Orleans during the past 8 or 10 years.

Under these circumstances, he has failed to sustain the burden of proof and satisfactorily account for his presence. On the contrary, the presumption of unlawful entry is entirely unrebutted. The evidence adduced supports the presumption.

[2] Even though Lo Kee's birth of Chinese parents in the Hawaiian Islands were conclusively shown, which it certainly is not, he would not be entitled to enter the United States from the Hawaiian Islands, because Chinese laborers, even where they hold certificates of residence in the Hawaiian Islands, are prohibited from entering any state, territory, or district of the United States from the Hawaiian Islands (Act April 30, 1900, 31 Stat. 141, 161 [8 USCA § 294]).

Lo Kee's marriage and the issue thereof do not affect the legal effect of his violation of the laws of this country; nor does the law prevent the wife from following her chosen spouse to his own country. On the contrary, as a matter of law, the domicile of the wife is that of the husband.

Accordingly I find that Lo Kee is a person of Chinese descent, and adjudge him to be not lawfully entitled to be or remain in the United States, and an order may be entered for his removal from the United States to China.